# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHERYL MABRY AND JAMES MABRY, | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action No.  4:21-CV-482 |
| v. | § | Judge Mazzant |
| | § | |
| WALL-MART STORES TEXAS, LLC, | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment (Dkt. #12).  Having considered the motion and relevant pleadings, the Court finds it should be **GRANTED**.

## BACKGROUND

This suit arises out of a slip-and-fall incident that occurred at a Wal-Mart Supercenter.  On May 9, 2019, Plaintiff Cheryl Mabry ("Mabry") was at Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") store when she slipped and fell on a "puddle of accumulated liquid" that resembled detergent or hand soap (Dkt. #2 ¶ 15).

On May 6, 2021, Mabry filed her original state court petition (Dkt. #2) in the 471st Judicial District Court, Collin County, Texas, seeking damages for her alleged personal injuries (Dkt. #2).  On June 25, 2021, Wal-Mart removed the suit based on diversity jurisdiction (Dkt. #1).  Mabry never sought to remand this case to state court.

On November 11, 2021, Mabry was deposed (Dkt. #12, Exhibit 3).  Mabry testified that she "slipped on a substance and fell" in Wal-Mart's store (Dkt. #12, Exhibit 3 at 66:20–67:9).  Mabry stated that nothing obstructed her view of the floor ahead of her, the liquid was odorless and colorless, and there were not footprints or tracks through the liquid.  Mabry has no knowledge

of how the substance came to be on the floor or how long it was there before she slipped and fell

(Dkt. #12, Exhibit 3 at 72:20–73:3).

On December 8, 2021, Wal-Mart moved for summary judgment (Dkt. #12).  Wal-Mart

relies predominately on Mabry's deposition testimony for evidence in support of its motion. Mabry

has not responded.[1]

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims

or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper

if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that

there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor

of the party opposing the motion for summary judgment.  *Casey Enters., Inc. v. Am. Hardware*

*Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive law identifies

which facts are material.  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine

issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* at 247.  If the movant

bears the burden of proof on a claim or defense on which it is moving for summary judgment, it

must come forward with evidence that establishes "beyond peradventure *all* of the essential

elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing

---

[1] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not
controvert the facts set out by movant and has no evidence to offer in opposition to the motion." E.D. Tex. Civ. R. 7(d).

that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  The nonmovant must adduce affirmative evidence.  *Anderson*, 477 U.S. at 257.  No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).  Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Texas substantive law governs this dispute, since the case is pending before the Court under its diversity jurisdiction.  *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013).

It is unclear whether Mabry asserts either a negligence claim, premises liability claim or both.  That said, negligence and premises liability claims are separate and distinct theories of recovery requiring a plaintiff to prove different—although similar—elements to secure judgment in his or her favor.  *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010).  The application of one claim versus the other turns on what caused an injury.  *See, e.g., In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 77–78 (Tex. 2007); *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

3

To pursue relief for an injury under negligent activity law, an injury must flow from ongoing, contemporaneous activity rather than a condition created by that activity. *Keetch*, 845 S.W.2d at 264.  An injury is the contemporaneous result of a negligent activity where the evidence shows that the activity occurred near both the time and location of the injury. *Kroger Co. v. Persley*, 261 S.W.3d 316, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  On the other hand, a cause of action rooted in premises liability arises from property conditions that make it unsafe. *In re Tex. Dep't*, 218 S.W.3d at 77.

Wal-Mart argues this is a premises liability case because Mabry alleges that she was injured by a condition of the premises created by the activity, and the Court agrees.  Mabry alleges Wal-Mart is liable for her injuries because it negligently permitted the floor at its store to become soiled; negligently or willfully allowed the condition to continue; and negligently or willfully failed to warn Mabry of the condition of the floor (Dkt. #2 ¶ 21).  Because Mabry was allegedly injured by a condition of the premises and not by a contemporaneous activity, Mabry's course of recovery against Wal-Mart sounds solely in premises liability. *Del Lago*, 307 S.W.3d at 775–76.  The Court will now turn to whether Mabry has met her burden on her premises liability claim.

The elements of a cause of action for premises liability include: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) that the premises owner/occupier knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of plaintiff's injuries. *Keetch*, 845 S.W.2d at 264.  A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed

4

long enough to give the premises owner a reasonable opportunity to discover it.  *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934,  936 (Tex. 1998); *Keetch*, 845 S.W.2d at 265).  Wal-Mart contends that Mabry cannot show that it knew or should have known of the existence of a dangerous condition.

There is no evidence to support Wal-Mart had actual knowledge of the spilled liquid. "[T]he actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time." *Reyes v. City of Laredo*, 335 S.W.3d 605, 608 (Tex. 2010) (per curiam) (quoting *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006) (per curiam)).  Mabry has not brought forth any evidence that a Wal-Mart employee had seen the spill, walked by the spill, attempted to start cleaning the spill, set out a warning sign, or any other facts which would indicate actual awareness of the allegedly dangerous condition.  Because Mabry cannot establish actual notice, she must prove constructive notice by showing that the liquid had been on the floor for a sufficient period of time that Wal-Mart had a reasonable opportunity to discover it.  *See Reece*, 81 S.W.3d at 816.

The Texas Supreme Court's decision in *Reece* is helpful here.  In *Reece*, the plaintiff slipped and fell on a puddle of clear liquid.  *Id.* at 813.  The Texas Supreme Court reversed the lower court's decision in favor of the plaintiff, holding Wal-Mart did not have constructive notice of the spill.  *Id.* at 817.  The *Reece* plaintiff presented no evidence to indicate how long the spill existed before she fell, whether the spill was conspicuous—indeed, the spill was "not large and consisted of a clear liquid on a light tile floor"—or any indication of how long the spill had been there, such as tracks or footprints through the liquid.  *See Id.* at 816–17.  Similarly, here, Mabry has not produced evidence of how the spill occurred, how long the spill was on the floor before the incident, or whether the liquid was otherwise visible.  In fact, in her deposition, Mabry testified

that she did not see any footprints or tracks through the liquid, she could not estimate the size of the puddle, the puddle was clear and odorless (Dkt. #12, Exhibit 3). Mabry admitted "there was really nothing that I remember that would have altered me that there was anything on the floor" (Dkt. #12, Exhibit 3 at 74:8–10). Accordingly, Mabry has not supplied evidence showing the spill was conspicuous—or even visible. Nor can Mabry show how long the spill was on the floor. Further, Mabry had "no idea" whether a Wal-Mart employee witnessed the incident or noticed the spill before Mabry's fall (Dkt. #12, Exhibit 3 at 80:18–22).

"It was [Mabry's] burden to establish that it was more likely than not that Wal-Mart should have been aware of the spill because it existed long enough to give Wal-Mart a reasonable opportunity to discover and rectify it, or to warn about it." *Reece*, 81 S.W.3d at 817. Viewing the evidence in a light most favorable to Mabry, Mabry has nevertheless failed to meet her burden and summary judgment is appropriate.[2]

## CONCLUSION

It is therefore **ORDERED** Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment (Dkt. #12) is hereby **GRANTED**.

**IT IS SO ORDERED.**
**SIGNED this 26th day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Mabry's husband, Plaintiff James Mabry, also claims damages for loss of consortium and loss of household services (Dkt. #2 ¶ 27). Plaintiff James Mabry's claims are derivative claims that depend on the premises liability claim. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 217 (Tex. 1999); *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex. 1978). Thus, because Mabry's premises liability claim fails as a matter of law, her husband's claims also fail.